**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Latanya M., individually and on behalf of I.W.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 24-2267 |
| v. | : | |
| | : | |
| Laboratory Charter School, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

**AND NOW** this _____ day of _____ 2026, upon consideration of Plaintiff's Motion for Judgment on the Administrative Record and Supplemental Brief in Support of the Motion, it is **ORDERED** that the Motion is **GRANTED**. Judgment is entered for Plaintiff against Defendant on Counts I and II of her amended complaint. I.W.M. is entitled to (1) full days of compensatory education for every school day between January 6, 2023 and April 24, 2024, and (2) the independent educational evaluations (IEEs) ordered by the special-education hearing officer. Within 60 days of this Order, Defendant must deposit the compensatory-education funds ($143,325) into a third-party special-needs trust, and it must provide I.W.M. the IEEs.

BY THE COURT:

_____
HONORABLE JOEL H. SLOMSKY
Judge, United States District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Latanya M., individually and on behalf of I.W.M., | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 24-2267 |
| v. | : | |
| | : | |
| Laboratory Charter School, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER
MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 3

    I.  Legal Background: Relief for IDEA Violations ................................................. 3

    II.  Procedural History: Remand Proceedings .......................................................... 6

STANDARD OF REVIEW ................................................................................................. 7

ARGUMENT ...................................................................................................................... 7

    I.  The new hearing officer erred in holding that I.W.M. has no right to hour-for-hour compensatory education. Under Third Circuit precedent, I.W.M. is entitled to compensatory education for the period that Lab Charter knew or should have known it was denying him FAPE, which is January 6, 2023 to April 24, 2024. ............................ 8

    II.  Because I.W.M. has a right to compensatory education, this Court must determine the number of hours necessary to afford him a complete remedy. It should award full days of compensatory education for each school day from January 6, 2023 to April 24, 2024 ....................................................................................................... 12

CONCLUSION .................................................................................................................. 14

**INTRODUCTION**

For nearly two school years, Lab Charter failed to provide appropriate educational services to I.W.M.—"a foster care child" with autism, emotional disturbance, and ADHD who was adopted after his foster siblings "abuse[d]" him. *Latanya M. v. Lab'y Charter Sch.*, 2025 U.S. Dist. LEXIS 178177, *7–8 (E.D. Pa. Sept. 11, 2025). Without appropriate services, I.W.M. spiraled at Lab Charter. He eloped from class, sometimes for "several hours"; he fought peers; he threw tantrums; and he floundered in reading, writing, and math. *Id.* at *7–18, *54–57; *see also* Lack-of-Progress Evidence, ECF No. 18 at 12–13, 28–29, 57–60. He also suffered more trauma: Peers bullied him, and Lab Charter staff physically restrained him, "grabb[ing] his legs" and "arms" because they did not know how "to calm [him] down." *See Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *17, *57.

Under Third Circuit precedent, I.W.M. is entitled to hour-for-hour compensatory education to remedy Lab Charter's failure to provide him a free and appropriate public education (FAPE). If a charter school "knows or should know that a child has an inappropriate Individualized Education Program (IEP)" but it fails to "correct the situation," the "child is *entitled* to compensatory education for a period equal to the period of deprivation." *M.C. v. Central Reg'l Sch. Dist.*, 81 F.3d 389, 391–92, 397 (3d Cir. 1996) (emphasis added); *Ridgewood Bd. of Educ. v. N.E.*, 172 F.3d 238, 250 (3d Cir. 1999) ("[A] disabled student's right to compensatory education accrues when [his school] knows or should know that [he] is receiving an inappropriate education."), *superseded by statute on other grounds*. And Lab Charter knew or should have known from the start that its IEPs were inappropriate, yet it never corrected them. As the original hearing officer explained—and this Court affirmed—the IEPs were deficient on their face. They were "generic" and not "individualized" to I.W.M.'s needs, they had no specially designed instruction addressing I.W.M.'s behavioral and emotional needs, and they lacked a Positive Behavior Support Plan

1

(PBSP) even though the IEPs themselves stated that he needed one. *Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *40–42, *52–54.

On remand, however, a new hearing officer—who was assigned because the hearing officer who presided over the parties' due process hearing had retired—concluded that Lab Charter does not have to provide I.W.M. any compensatory education. Not a single hour of tutoring, counseling, or social-skills training. The hearing officer determined that I.W.M. is not entitled to hour-for-hour compensatory education because (1) the independent educational evaluations (IEEs) that the original hearing officer awarded remedy Lab Charter's denial of FAPE, and (2) the record does not establish "the period of denial of FAPE" or when Lab Charter "should have recognized" its IEPs were inappropriate. Remand Dec. at 10–12. That is wrong on both scores.

First, the IEEs are not a "complete remedy" for Lab Charter's failure to provide I.W.M. appropriate educational services. *G.L. v. Ligonier Valley Sch. Dist.*, 802 F.3d 601, 625–26 (3d Cir. 2015) ("[W]hen a [charter school] has failed" to provide a child FAPE, the "child is entitled to be made whole with nothing less than a complete remedy. Compensatory education is crucial to achieve that goal[.]" (citation omitted)). To remedy that failure, I.W.M. must receive the instruction that he "should have [received] all along." *M.C.*, 81 F.3d at 395. But IEEs do not provide any instruction—they only gather information about a child so that his school can develop appropriate IEPs for him moving forward. The IEEs that the original hearing officer awarded will not teach I.W.M. how to self-regulate, they will not teach him how to interact with peers and adults, nor will they teach him how to read, write, or do math. They will not make up for what I.W.M. lost during the period that Lab Charter denied him FAPE.

Second, the record establishes the period of denial of FAPE and when Lab Charter should have known about the denial. Both this Court and the original hearing officer already concluded

that I.W.M. did not receive appropriate IEPs from January 6, 2023 to April 24, 2024, when I.W.M. left Lab Charter. First H.O. Dec. at 15–16, 18, 22 (finding that the IEPs in effect from January 6, 2023 to the end of the 2023-2024 school year (the January 2023 and November 2023 IEPs) were deficient); *Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *49–50 (affirming that finding). And Lab Charter should have known the IEPs were deficient immediately since they said that I.W.M needed behavioral supports yet neither IEP provided them.

This Court should therefore reject the new hearing officer's decision. The hearing officer erred in holding that I.W.M. has no right to hour-for-hour compensatory education. Under *M.C.*, his right accrued from January 6, 2023 to April 24, 2024. The only question that remains is the number of hours he is entitled to for that period. He should receive "full days of compensatory education" for each school day during the period because his "behavioral challenges pervaded [his] school days." *Upper Darby Sch. Dist. v. K.W.*, 2024 U.S. App. LEXIS 20582, *7 (3d Cir. Aug. 14, 2024) (non-precedential). But even if the Court disagrees, Third Circuit precedent—including *M.C.*, *Ridgewood*, and *G.L.*—requires an award of at least partial days to compensate I.W.M. for all his missed instructional time and Lab Charter's failure to provide him an Emotional Support classroom.

## BACKGROUND

### I.    Legal Background: Relief for IDEA Violations

"[W]hen a [charter school] has failed" to provide a child FAPE, the "child is entitled to be made whole with nothing less than a complete remedy." *G.L.*, 802 F.3d at 625–26. Either tuition reimbursement or compensatory education is "necessary" to "cure[] the deprivation" of FAPE and provide a complete remedy. *See Lester H. v. Gilhool*, 916 F.2d 865, 872–73 (3d Cir. 1990). Tuition reimbursement is necessary when a charter school provides a child a deficient IEP and his parent

enrolls him in a private school to secure appropriate services for him. Tuition reimbursement cures the FAPE deprivation because it "requires [the charter school] to belatedly pay expenses that it should have paid all along." *Id.* at 872 (quotation omitted). Yet not all parents can afford to front the costs of FAPE and enroll their child in a private school. For those families, compensatory education is necessary for a complete remedy. *See Charlene R. v. Solomon Charter Sch.*, 63 F. Supp. 3d 510, 517 (E.D. Pa. 2014) ("Compensatory education is a post hoc remedy triggered when a child is not being provided with a proper FAPE, but his or her family lacks the means to place the child in another program."). Like tuition reimbursement, compensatory education requires charter schools to pay for "educational services" that "they should have paid [for] all along." *D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 496 (3d Cir. 2012). But instead of funding a private school, charter schools pay for the child to receive "educational services"—such as academic instruction, counseling, and social-skills training—"that [he] ought to have received during the period of time that FAPE was not provided." *Id.* Schools often provide those services by funding a special-needs trust that the child can use to pay for the services. *See, e.g.*, *Heather D. v. Northampton Sch. Dist.*, 511 F. Supp. 2d 549, 562 (E.D. Pa. 2007); *Rayna P. v. Campus Cmty. Sch.*, 2018 U.S. Dist. LEXIS 135739, *25 (D. Del. Aug. 10, 2018).

In *M.C.*, the Third Circuit announced the "proper standard for an award of compensatory education." 81 F.3d at 391. A charter school, the court held, "that knows or should know that a child has an inappropriate IEP . . . must correct the situation." *Id.* at 397. "If it fails to do so, [the] child is entitled to compensatory education for a period equal to the period of deprivation, but excluding the time reasonably required for the [charter school] to rectify the problem." *Id.* That standard, the court explained, balances the equities, "harmoniz[ing] the interests of the child, who

4

is entitled to a free appropriate education under [the] IDEA, with those of the [charter school], to whom special education and compensatory education is quite costly." *Id.*

After a court determines the period during which the child's right to compensatory education "accrue[d]," *Ridgewood*, 172 F.3d at 250, the court must identify the amount of compensatory education needed to remedy the FAPE denial. *See Kayla W. v. Chichester Sch. Dist.*, 2022 U.S. Dist. LEXIS 29356, *19 (E.D. Pa. Feb. 18, 2022). The default method for determining the amount is "the 'hour for hour' method, under which [the] court may award one hour of compensatory education for each hour [that] FAPE was denied." *Montgomery Cnty. Intermediate Unit No. 23 v. C.M.*, 2017 U.S. Dist. LEXIS 168709, *23–24 (E.D. Pa. Oct. 12, 2017); *see also Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *61. Another method is "the 'same position' approach, under which an award of compensatory education should be designed to put the student in the same position he . . . would have been but for the" FAPE denial. *C.M.*, 2017 U.S. Dist. LEXIS 168709 at *23–24. That approach requires the parent to "present evidence" about what is necessary to make her child "whole." *Id.* at 25 (quotation omitted). By contrast, the hour-for-hour method does not require the parent to make any showings beyond when her child's right to compensatory education accrued.[1]

---

[1] *See M.S. v. Lab'y Charter Sch.*, No. 26014-21-22, slip op. 21–22 (Pa. ODR June 28, 2022) (applying quantitative hour-for-hour approach where there was insufficient evidence to support qualitative make-whole relief); *A.H. v. Woodland Hills Sch. Dist.*, No. 30128-24-25, slip op. 34 (Pa. ODR Mar. 27, 2025) (same); *C.D. v. Chichester Sch. Dist.*, No. 30192-24-25, slip op. 21–23 (Pa. ODR Jan. 31, 2025) (same); *M.J. v. Belle Vernon Area Sch. Dist.,* No. 30048-24-25, slip op. 19 (Pa. ODR Nov. 24, 2024) (same); *M.F. v. Saucon Valley Sch. Dist.*, Nos. 27684-22-23 & 27704-22-23, slip op. 18 (Pa. ODR Sept. 15, 2022) (same); *S.J. v. Sch. Dist. of Phila.*, No. 25522-21-22, slip op. 19 (Pa. ODR Feb. 4, 2022) ("Even cases that express a strong preference for the 'same position' method recognize the importance of such evidence, and suggest that hour-for-hour is the default when no such evidence is presented.").

Compensatory education and tuition reimbursement, however, are not the only forms of relief available under the IDEA. IEEs are another. But unlike compensatory education and tuition reimbursement, an IEE does not remedy a past denial of appropriate educational services. Instead, it remedies a charter school's failure to provide an "evaluation" that is "appropriate," 34 C.F.R. § 300.502(b), ensuring that in the future, the child's IEP team has enough information to develop a program tailored to his unique needs. *See L.S. v. Abington Sch. Dist.*, 2007 U.S. Dist. LEXIS 73047, *36–37 (E.D. Pa. Sep. 28, 2007); *accord* 20 U.S.C. § 1414(a)(1)(C)(i) (IDEA evaluations seek to "determine the educational needs of [the] child" so that schools can develop appropriate IEPs in the future.); *Z.B. v. D.C.*, 888 F.3d 515, 522 (D.C. Cir. 2018) (Evaluations "are designed to position the IEP team . . . to create an IEP tailored to the student's special education needs.").

## II.    Procedural History: Remand Proceedings

I.W.M.'s parent, Latanya M. (Parent), filed this action to affirm the original hearing officer's finding that Lab Charter denied I.W.M. FAPE; challenge his decision denying I.W.M. compensatory education; and enforce his IEE award. Am. Compl. at 12–13, ECF No. 25. After Parent filed her complaint, she moved to supplement the administrative record with evidence about I.W.M.'s lack of educational progress at Lab Charter, and this Court granted the motion. *See* Order, ECF No. 34. Both parties then moved for judgment on the administrative record. *See* ECF Nos. 45–46. This Court denied Lab Charter's motion and granted Parent's in part. It affirmed that Lab Charter denied I.W.M. FAPE and ordered it to provide I.W.M. IEEs, but it did not decide whether I.W.M. is entitled to compensatory education. Instead, the Court remanded to the original hearing officer, directing him to revisit that issue. In its remand order, the Court observed that, "because Lab Charter committed substantive violations of the IDEA, a showing of 'substantive harm to the child or his parents' is not needed, and there has been a per se denial of a FAPE, *justifying an*

*award of compensatory education.*" *Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *48–49 (quoting *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 66–67 (3d Cir. 2010)) (emphasis added).

On remand, a new hearing officer was assigned because the original hearing officer had retired. Remand Dec. at 2. The new hearing officer allowed the parties to submit supplemental briefs on compensatory education, but he heard no evidence and refused to consider the evidence that this Court supplemented the record with—a fundamental error since that evidence is now part of the administrative record. *See id.* at 3. In December 2025, the new hearing officer issued his decision, which included only "conclusions of law" and no factual findings. *See id.* at 5–7. He determined that I.W.M. has no right to hour-for-hour compensatory education because "the substantive IEP violations . . . committed by the charter school in this case are appropriately remedied by the four independent educational evaluations . . . ordered by" the original hearing officer. *Id.* at 7. The new hearing officer also opined that "there is no evidence in the record as to the period of denial of FAPE" or "concerning at what point the charter school likely should have recognized that its IEPs were" inappropriate. *Id.* at 12.

## STANDARD OF REVIEW

This Court owes no deference to the new hearing officer's remand decision. The "legal determinations of [a] hearing officer are subject to plenary review by the district court," and the new hearing officer's decision includes only legal determinations. *Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *28 ("[A]ny legal determinations by the administrative decisionmaker are reviewed de novo.").

## ARGUMENT

There are two steps when assessing a request for hour-for-hour compensatory education. First, the court must determine whether the record shows that the child "accrue[d]" a right to

7

compensatory education. *Ridgewood*, 172 F.3d at 250. If it does, the child is entitled to hour-for-hour compensatory education for the period during which his right accrued. Second, the court must identify the number of hours of compensatory education the child is owed for each school day during the period.

The new hearing officer erred at the first step, holding that I.W.M. is not entitled to compensatory education. Under Third Circuit precedent, I.W.M.'s right to compensatory education accrued from January 6, 2023 to April 24, 2024. Because the new hearing officer found that I.W.M. has no right to compensatory education, he did not identify the number of hours of compensatory education that I.W.M. is owed. This Court should hold that he is owed full days of compensatory education for each school day from January 6, 2023 to April 24, 2024.

**I. The new hearing officer erred in holding that I.W.M. has no right to hour-for-hour compensatory education. Under Third Circuit precedent, I.W.M. is entitled to compensatory education for the period that Lab Charter knew or should have known it was denying him FAPE, which is January 6, 2023 to April 24, 2024.**

Three different jurists have determined that Lab Charter denied I.W.M. appropriate educational services. The new hearing officer agreed with the original hearing officer and this Court that Lab Charter "substantive[ly]" denied I.W.M. FAPE by failing to provide him appropriate services during the 2022-2023 and 2023-2024 school years. Remand Dec. at 7. That per se "justif[ies] an award of compensatory education." *Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *48–49. I.W.M. is entitled to a "complete remedy" for Lab Charter's denial of FAPE, which requires providing him the educational services that Lab Charter should have provided him all along. *G.L.*, 802 F.3d at 625–26. Still, the new hearing officer completely denied I.W.M. compensatory education, concluding that (1) IEEs will remedy Lab Charter's denial of FAPE, and (2) the record does not establish "the period of denial of FAPE" or when Lab Charter "should have recognized" its IEPs were inappropriate. Remand Dec. at 10–12. Both conclusions are wrong.

I.W.M. is entitled to compensatory education for each hour that Lab Charter deprived him of FAPE from January 6, 2023 to April 24, 2024.

The new hearing officer determined that the IEEs remedy Lab Charter's failure to provide I.W.M. appropriate IEPs because the "problems with the IEPs" were "a direct result of [Lab Charter]'s highly inappropriate evaluation" and the IEEs will "provide the information" about I.W.M.'s unique needs "that the . . . evaluation did not obtain." Remand Dec. at 10–11. But obtaining information about I.W.M.'s needs will only help secure FAPE for him in the future—it will not remedy Lab Charter's past deprivation of FAPE because it will not provide I.W.M. the educational services that Lab Charter "should have [provided him] all along." *M.C.*, 81 F.3d at 395; *see also Sch. Dist. of Phila. v. Williams*, 2015 U.S. Dist. LEXIS 157493, *20–28 (E.D. Pa. Nov. 20, 2015) (awarding compensatory education to remedy a past deprivation of FAPE, and evaluations to secure FAPE in the future). It will not, for instance, provide him the educational instruction that he missed because Lab Charter failed to address his behavioral needs. *See Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *44 ("[A]ll agreed [at the due process hearing] that fighting and walking out of class interfered with I.W.M.'s learning," yet Lab Charter "[n]ever explained the lack of a positive behavior support plan." (quoting the first hearing officer decision)).

The new hearing officer's conclusion that the IEEs are nevertheless a complete remedy is irreconcilable with Third Circuit precedent. The Third Circuit has "consistently repeated that" a child has a "right to compensatory education" when his charter school denies him appropriate educational services. *G.L.*, 802 F.3d at 618–19 (citing *M.C.*, 81 F.3d at 396–97; *D.F.*, 694 F.3d at 499; *Mary Courtney T. v. Sch. Dist. of Phila.*, 575 F.3d 235, 249 (3d Cir. 2009); *Lauren W. v. DeFlaminis*, 480 F.3d 259, 272 (3d Cir. 2007)). Once a child has established a denial of FAPE, courts *must* determine when the "right to compensatory education . . . accrue[d]" and the amount

9

of compensatory education that the child is owed. *Id.* A hearing officer cannot skip over those questions and altogether deny a child compensatory education merely because the child is also entitled to an evaluation.

Nor is the record inadequate to determine when I.W.M.'s right to compensatory education accrued. The record establishes "the period of denial of FAPE" and when Lab Charter "should have recognized" its IEPs were inappropriate. Remand Dec. at 10–12. First, the period of denial is from January 6, 2023 to April 24, 2024, when I.W.M. left Lab Charter. Both this Court and the original hearing officer already found that the IEPs in effect during that time—the January 2023 and November 2023 IEPs—were deficient.[2] First H.O. Dec. at 15–16, 18, 22; *Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *49–50. Second, Lab Charter was "on notice" that the IEPs were deficient starting January 6, 2023 because the IEPs specified that I.W.M needed behavioral supports but did not provide them. *Upper Darby Sch. Dist. v. K.W.*, 2024 U.S. App. LEXIS 20582, *7 (3d Cir. Aug. 14, 2024) (non-precedential) (holding that the school district "was on notice for the entire period" that FAPE was denied because "it knew that [the student] needed a PBSP" when it provided him an IEP).

Under Third Circuit precedent, then, I.W.M. is entitled to hour-for-hour compensatory education from January 6, 2023 to April 24, 2024 because Parent established that I.W.M. was denied FAPE and that Lab Charter was on notice of the denial during that period. *See M.C.*, 81 F.3d at 396–97. Parent did not need to show anything else to secure compensatory education for I.WM. under the hour-for-hour method. *See id.* at 397 (instructing the district court on remand to

---

[2] Indeed, as Parent explained in her brief on remand before the new hearing officer, the record supports a finding that the period of denial was even longer—from December 11, 2022 to April 24, 2024—since Lab Charter had a duty to provide I.W.M. an IEP by December 11, 2022 but did not do so until January 6, 2023. *See* Parent Remand Br. at 20–22.

award compensatory education after determining when the child's right to compensatory education accrued); *Rayna P. v. Campus Cmty. Sch.*, 2018 U.S. Dist. LEXIS 135739, *18–20 (D. Del. Aug. 10, 2018) (explaining that "[i]n this circuit," the "one-for-one," or hour-for-hour, approach applies once the parent establishes a period of denial of FAPE); *Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *61 (acknowledging that the hour-for-hour method is the "default" method for determining the amount of compensatory education that a child is owed); *Jana K. v. Annville-Cleona Sch. Dist.*, 39 F. Supp. 3d 584, 608 (M.D. Pa. 2014) (same).

The new hearing officer resisted controlling Third Circuit precedent, and instead cited *Reid v. Dist. of Columbia*, 401 F.3d 516 (D.C. Cir. 2005) and criticized the hour-for-hour method. *See* Remand Dec. at 10–11. That is troubling because *Reid* expressly departed from *M.C.*, declining to adopt the Third Circuit's approach of using the hour-for-hour method as the default method for awarding compensatory education. *See Reid*, 401 F.3d at 523 ("[W]e part company with the Reids regarding how such awards are calculated. They urge us to adopt a presumption that each hour without FAPE entitles the student to one hour of compensatory instruction, a standard apparently embraced by several courts. *See, e.g.*, *M.C. v. Cent. Reg'l Sch. Dist.*, 81 F.3d 389, 391–92, 396–97 (3d Cir. 1996)."). Although *M.C.*—not *Reid*—bound the new hearing officer, he never mentioned *M.C.* in his decision.

For its part, Lab Charter argued on remand that I.W.M. has no right to hour-for-hour compensatory education because Parent did not establish that "I.W.M. suffered educational loss." Lab Charter Remand. Br. at 20. But I.W.M. did suffer educational loss: This Court found that he "did not make meaningful progress" at Lab Charter. *Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *54. And in any event, this Court already explained that educational loss is not necessary for a child's right to compensatory education to accrue. *See id.* at *38 (A "denial of a FAPE . . . justif[ies]

11

an award of compensatory education[.]"). A court can consider a child's degree of educational progress when determining the number of hours per day to award him, *see infra* 12–14, but progress is irrelevant to the threshold question whether the child is entitled to a compensatory-education award.

In short, the new hearing officer erred in holding that I.W.M. has no right to hour-for-hour compensatory education. He should have recognized that I.W.M.'s right accrued from January 6, 2023 to April 24, 2024 and then determined the number of hours I.W.M is owed.

**II.    Because I.W.M. has a right to compensatory education, this Court must determine the number of hours necessary to afford him a complete remedy. It should award full days of compensatory education for each school day from January 6, 2023 to April 24, 2024.**

District courts have discretion when determining the number of compensatory-education hours that are necessary to completely remedy a denial of FAPE. *See G.L.*, 802 F.3d at 625. But when a charter school's "denial of FAPE create[d] a harm that permeate[d] the entirety of [the] student's school day," the student should receive compensatory education for each hour of the school day. *R.B. v. Downingtown Area Sch. Dist.*, 509 F. Supp. 3d 339, 349 (E.D. Pa. 2020). If the charter school failed to provide appropriate behavioral supports and the student's "behavioral challenges pervaded [the] school days and inhibited meaningful progress[,]" the student should receive full days of compensatory education for the period during which his right to compensatory education accrued. *K.W.*, 2024 U.S. App. LEXIS 20582 at *7; *see also Tyler W. v. Upper Perkiomen Sch. Dist.*, 963 F. Supp. 2d 427, 439 (E.D. Pa. 2013) (vacating hearing officer's compensatory-education award and replacing it with a grant of full days where the student made "little to no academic progress" and the school district's failure "pervaded and undermined [the student's] entire school day").

That is the case here. Just as in *K.W.*, I.W.M.'s behavioral challenges pervaded his school day. He "was often frustrated, yelling, or running [out of] the classroom and consistently required de-escalation." 2024 U.S. App. LEXIS 20582 at *2 (quotation omitted). I.W.M. eloped from class nearly every day,[3] and the elopements lasted anywhere from 15 minutes to several hours, causing him to miss significant instructional time.[4] He also missed instructional time many days because Lab Charter called Parent to pick him up from school after he had a violent outburst.[5] As a result, I.W.M. "did not make meaningful progress" at Lab Charter. *Latanya M.*, 2025 U.S. Dist. LEXIS 178177 at *54.

An award of full days of compensatory education from January 6, 2023 to April 24, 2024 would provide I.W.M. 1,911 hours of compensatory education. During that time, there were seven hours in I.W.M.'s school day, *see* P-10 at 26, and from January 6, 2023 to April 24, 2024, there were 273 school days (including extended-school-year days, which I.W.M. was entitled to under the IDEA). Seven times 273 equals 1,911 hours.

But even if I.W.M. were not entitled to full days of compensatory education, he should at least receive partial days to compensate him for his missed instructional time and Lab Charter's failure to provide him an Emotional Support classroom. As explained above, I.W.M. missed class constantly because Lab Charter failed to address his behavioral and emotional needs, and "[a]lthough [Lab Charter] concluded that [he] was a person with an Emotional Disturbance who required [an] Emotional Support" classroom, his IEPs never provided him one. First H.O. Dec. at 5 ¶ 12. By contrast, when I.W.M. left Lab Charter and enrolled in the School District of Philadelphia, the District placed him in an Emotional Support Classroom for over 4 hours per day.

---

[3] Tr. 281, 482, 489–91.
[4] Tr. 404–06, 500–01.
[5] *See, e.g.*, Tr. 501.

13

*See* District IEP, ECF No. 18 at 44–47. An award of 4.5 compensatory-education hours per day from January 6, 2023 to April 24, 2024 would fairly approximate I.W.M.'s missed instructional time and the time he should have received emotional support. *See, e.g.*, *Rayna P.*, 2018 U.S. Dist. LEXIS 135739 at *24 (exercising discretion and developing an hours-per-day award that "represent[ed] an [appropriate] average").

Finally, Lab Charter is not entitled to have any of the hours between January 6, 2023 and April 24, 2024 "exclud[ed]" to account for "the time reasonably required for [Lab Charter] to rectify" its denial of FAPE. *Tyler W. v. Upper Perkiomen Sch. Dist.*, 963 F. Supp. 2d 427, 439 (E.D. Pa. 2013) (quotation omitted). Lab Charter knew about I.W.M.'s needs "well in advance" of January 6, 2023, yet it still provided him an IEP that did not meet his needs. *Id.*; *Latanya M.*, (stating that at the start of the 2022-2023 school year, "Parent informed Lab Charter of I.W.M.'s diagnosis" and I.W.M. immediately displayed problem behaviors); *see also Brandywine Heights Area Sch. Dist. v. B.M.*, 248 F. Supp. 3d 618, 629 (E.D. Pa. 2017) ("[T]he District had ample notice of the types of disruptive behaviors that B.M. had been known to engage in and ample time to put in place a proper plan to address them, but ultimately failed to craft an IEP that was responsive to those concerns. This is not a case where the District needed time to react to a previously-unforeseen deficiency in an IEP.").

## CONCLUSION

I.W.M. "has only one childhood, one education, and therefore it is critical to ensure that" his right to FAPE is vindicated. *Sch. Dist. of Phila. v. Williams*, 2015 U.S. Dist. LEXIS 157493, *22 (E.D. Pa. Nov. 20, 2015). Absent compensatory education, that will not happen. "[C]onsidering [I.W.M.']s circumstances and the focus of his IEP," Lab Charter's failure to provide him appropriate behavioral supports for nearly two years was "a significant denial of"

14

FAPE. *Matthew B. v. Pleasant Valley Sch. Dist.*, 2019 U.S. Dist. LEXIS 190226, *47 (M.D. Pa. Nov. 1, 2019). An award that includes evaluations and no compensatory education whatsoever is not a complete remedy. The new hearing officer erred in concluding otherwise.

This Court should award I.W.M. full days of compensatory education from January 6, 2023 to April 24, 2024. Because I.W.M. no longer attends Lab Charter and I.W.M. will need access to private compensatory-education providers, the Court should order Lab Charter to deposit the award into a third-party special-needs trust. *See D.F.*, 694 F.3d at 49. That will not only facilitate I.W.M.'s access to private providers but also avoid ongoing disputes between Parent and Lab Charter since a neutral third-party will manage the compensatory-education funds. Courts in the Third Circuit have held that an appropriate hourly rate for compensatory-education services is "$75," and I.W.M. is entitled to 1,911 hours, so the third-party special-needs trust should include $143,325 in compensatory-education funds. *Heather D.*, 511 F. Supp. 2d at 562 (ordering the school district to establish a fund using an hourly rate of $75); *Rayna P.*, 2018 U.S. Dist. LEXIS 135739, *25 (same).[6]

---

[6] Lab Charter previously suggested that any order awarding compensatory education should be stayed pending an appeal. A stay is not appropriate since I.W.M. has already waited over two years for compensatory-education services, but if Lab Charter were to seek a stay, it would have to "provid[e] a bond" equal to the amount of compensatory-education funding ($143,325) before "[t]he stay takes effect." Fed. R. Civ. P. 62(b). Rule 62 imposes that requirement to protect the interests of prevailing parties, and the requirement is particularly important in this case given that Lab Charter has already represented to this Court that it is on the brink of bankruptcy. *See* Memo. in Support of Stay Mot. at 2, *Lab'y Charter Sch. v. M.R.S.*, No. 21-cv-5538 (E.D. Pa. Feb. 3, 2026), ECF No. 110-1. Charter schools in Pennsylvania have repeatedly violated the IDEA, gone defunct, and abandoned their duty to remedy FAPE denials. *See, e.g.*, *Charlene R.*, 63 F. Supp. 3d at 511; *Lejeune G. v. Khepera Charter Sch.*, 327 F. Supp. 3d 785, 788 (E.D. Pa. 2018). That result is intolerable for children like I.W.M. and inimical to the IDEA.

Respectfully submitted,


/s/ *Kevin A. Golembiewski*
Kevin A. Golembiewski
Pa. Attorney ID: 316921
David J. Berney
Pa. Attorney ID: 67882
Lindsay Burrill-VanDellen
Pa. Attorney ID: 329247
BERNEY & SANG
8 Penn Center
1628 John F. Kennedy Blvd.
Suite 1000
Philadelphia, PA 19103
kag@berneylaw.com
215-564-1030
*Attorneys for Plaintiff*

Date: March 23, 2026

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Latanya M., individually and on behalf of I.W.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 24-2267 |
| v. | : | |
| | : | |
| Laboratory Charter School, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, Kevin A. Golembiewski, counsel for Plaintiff, certify that on March 23, 2026, I served

the above document on all counsel of record via the Court's electronic filing system.


*/s/ Kevin A. Golembiewski*
Kevin A. Golembiewski
BERNEY & SANG
8 Penn Center
1628 John F. Kennedy Blvd.
Suite 1000
Philadelphia, PA 19103
kag@berneylaw.com
215-564-1030 (office)
215-751-9739 (fax)
*Attorney for Plaintiff*


Dated: March 23, 2026